## GULF MOTOR TRUCK CO. v. SCOTT & CO.

-------

(January 31, 1927. Opinion and Decree.)
(February 14, 1927. Rehearing Refused.)
(March 2, 1927. Writ of Certiorari and Review denied by Supreme Court.)

-------

(*Syllabus by the Court*)

1. **Louisiana Digest—Laws—Par. 97.**

The law does not favor forfeitures. It will be applied only in clear cases.

2. **Louisiana Digest—Laws—Par. 97.**

Where the law authorizes the sheriff to make "the usual charge of warehouse keepers" for keeping property under seizure under penalty of forfeiting his whole bill of charges, the forfeiture will not be inflicted in the absence of a clear case of overcharge.

Appeal from Civil District Court, Division "A". Hon. H. C. Cage, Judge.

Action by Gulf Motor Truck Co. against G. D. Scott & Co.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

Daly & Hamilton, of New Orleans, attorneys for plaintiff, appellee.

W. O. Hart, of New Orleans, attorney for civil sheriff, defendant, appellant.

### OPINION

CLAIBORNE, J. This case involves only the interpretation of Sections 18 and 29 of Act 136 of 1880, p. 196. Section 29 reads as follows:

"If the sheriff overcharges any item in any bill of costs, he shall forfeit the whole bill containing the item so overcharged."

The facts are as follows:

On August 22, 1923, the plaintiff obtained in this case a provisional seizure against the defendant on a claim for rent.

A number of automobiles and other property were seized by the sheriff and taken in his possession.

The automobiles and other property remained in the possession of the sheriff until December 7, 1923, when they were sold by the sheriff. The sheriff then presented his bill of costs or charges amounting to $468.51, composed of eleven different items. The plaintiff objects to the bill on the ground that several of the items thereof were overcharged, namely, making lots $8; hauling $60; storage $45; garage $290. He took a rule on the sheriff to show cause why he should not forfeit the whole bill of costs as a penalty.

The judge made the rule absolute and ordered forfeiture of the entire amount. In his reasons for judgment the judge states that the only excessive charge is that of storage of the automobiles or garage. We shall, therefore, restrict our attention to that item.

The sheriff has charged fifty cents a day as garage fees for each auto. The contention is that the usual charge is ten dollars per month, and that the sheriff should not have charged more under penalty of forfeiture of his entire bill of costs of $468.

Section 18 of the Act of 1880, p. 196, provides:

"For keeping property under seizure when stored in a warehouse the usual charge of warehouse keepers shall be allowed and no more, etc."

It is true that the testimony establishes that the usual charge for garage fees was ten dollars a month. But there are two reasons why this charge should not be binding upon the sheriff in this case. The first is that the sheriff had made a contract with one Sutter, garage keeper, by which the latter was to receive his automobiles and the sheriff was to pay him fifty cents a day. There is no testimony that this contract was not entered into honestly and for the best interests of all concerned, or that the sheriff had any interest in it.

The second is that the usual charge for garage is ten dollars per month, it does not follow that fifty cents per day is excessive. In fact, Sutter testifies that it is the customary charge, and there is no evidence to the contrary. For many reasons that suggest themselves, the charge would vary between a price per day and a price per month. The sheriff would not have contracted for a price per month, as property in his possession often remains only a few days, and is released or bonded, and the garage fee could not have been for a month while it remained in garage less than a month. When the bill was presented to the plaintiff he made no objection to it. He did not complain of an overcharge. He made no attempt to adjust the differences between him and the sheriff in a matter dependent upon evidence and proof and admitting of a difference of opinion. He might have obtained a reduction of the charge had he asked it of the sheriff or in his rule. But the prayer of his rule is too drastic. The law had not fixed an arbitrary and flat figure for storage, but made it "the usual charge of warehouse keepers".

It left it to be determined by usage and evidence as a matter of proof. Had the sheriff made an overcharge for a service for which there could not have been no difference of opinion and no room for proof, and the sheriff's attention had been called to the overcharge, the question presented would have been different. But under the facts of this case we think that the judgment is erroneous.

It was a proper case for the demand of a reduction of the charges by rule and judgment therein, but not of forfeiture of the entire bill without clear proof of an overchage.

The law is not prone to inflict penalties and only in clear cases of dishonest violation.

Penal statutes must be strictly construed.

4 La. Dig., S. 97, p. 638.

The rule is dismissed at the cost of plaintiff in rule, reserving his rights to demand a reduction of this item.